Filed 12/8/21  P. v. Chapman CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B310488 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA009550) |
| v. | |
| RONALD CHAPMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed with directions.

California Appellate Project, Richard B. Lennon, Executive Director and Olivia Meme, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 1992 a jury convicted Ronald Chapman and Haiji Whitsey of first degree murder, robbery, and burglary and found true the allegation a principal was armed in the commission of the offenses.[1] The trial court sentenced Chapman to a prison term of 26 years to life for the murder conviction, plus additional terms for the robbery and burglary convictions. Chapman appealed, and we affirmed the judgment in most respects.[2] (*People v. Whitsey et al.* (Sept. 22, 1993, B070694) [nonpub. opn.].)

In 2019 Chapman filed a petition under section 1170.95, which allows certain defendants convicted of murder under a felony murder or natural and probable consequences theory to petition the court to vacate their convictions and for resentencing. Following briefing, the superior court held a hearing, found Chapman failed to make a prima facie showing for relief, and denied the petition. Chapman appeals, contending the court erred in making factual findings to conclude he had not established a prima facie case and in not issuing an order to show cause and holding an evidentiary hearing. The People concede

---

[1] The jury also found true the special-circumstance allegation Whitsey committed murder during the commission of residential burglary and robbery and the allegation he personally used a firearm in the commission of the offenses. (Pen. Code, §§ 190.2, subd. (a)(17), 12022.5, subd. (a).) Statutory references are to the Penal Code.

[2] We modified the judgment to stay under section 654 the prison term the trial court imposed for Chapman's burglary conviction. (*People v. Whitsey et al.* (Sept. 22, 1993, B070694) [nonpub. opn.].)

the superior court erred.  We agree and reverse the order denying Chapman's petition under section 1170.95 and direct the court to issue an order to show cause under section 1170.95, subdivision (c), and to conduct an evidentiary hearing in accordance with section 1170.95, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Chapman of First Degree Murder, Chapman Appeals, and This Court Affirms*

In December 1991 Chapman and Whitsey went to the apartment of Frank Jackson, the boyfriend of Whitsey's sister, to rob him.  In the course of the robbery, Whitsey shot and killed Jackson.  The People charged Chapman with first degree murder (§ 187, subd. (a)), first degree residential burglary (§§ 459, 460), and residential robbery (§§ 211, 212.5, subd. (a)), and alleged a principal was armed in the commission of the offenses (§ 12022, subd. (a)(1)).  (*People v. Whitsey et al.*, *supra*, B070694.)[3]

At trial, the deputy sheriff who interviewed Chapman testified about statements Chapman made after his arrest. Chapman stated that, on the night of the murder, he drove Whitsey to Jackson's apartment and Jackson invited them inside. Chapman, who had been drinking, began to play a video game. He heard Whitsey and Jackson arguing in the bedroom. Whitsey came out of the bedroom and told Chapman to take the stereo equipment from a wall unit in the apartment, which Chapman did.  Chapman made several trips to the car to carry the

---

[3]     "Appellate opinions . . . are generally considered to be part of the record of conviction."  (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)

equipment. Returning to the apartment, Chapman saw Whitsey point a gun at Jackson and heard Whitsey ask, "'[W]here's the money? Why won't you tell me? I'll just blow your head off.'" Chapman repeatedly told Whitsey not to kill Jackson. Whitsey responded, "'This fool got some money. He won't tell me where it is.' . . . 'I'll have to kill him.'" Chapman told Whitsey, "'We've got all the stuff. I've got everything. . . . Let's get out of here.'" Chapman struck Jackson in the face to prove to Whitsey that Jackson was too scared to report what happened and that there was no need to kill Jackson. (*People v. Whitsey et al.*, *supra*, B070694.)

Chapman's cousin testified that, the day after the murder, Chapman told him that he and Whitsey went to Jackson's apartment to "'jack'"[4] him, that Chapman took some property from Jackson, and that Whitsey directed him to wait in the car. Chapman told his cousin that, while Chapman was waiting in the car, Whitsey shot Jackson. (*People v. Whitsey et al.*, *supra*, B070694.)

The trial court instructed the jury on murder (with CALJIC No. 8.10), first degree felony murder (CALJIC No. 8.21), and aiding and abetting first degree felony murder (CALJIC No. 8.27). The jury convicted Chapman as charged and found true the allegation a principal was armed in the commission of the offenses. The trial court sentenced Chapman to 25 years to life for the murder conviction, plus one year for the enhancement under section 12022, subdivision (a)(1). The court imposed additional terms for the robbery and burglary convictions. Chapman appealed the judgment, and with a minor modification, we affirmed. (*People v. Whitsey et al.*, *supra*, B070694.)

---

[4] Chapman's cousin testified "jack" meant to rob someone.

4

B.    *Chapman Files a Petition Under Section 1170.95*

In May 2019 Chapman, representing himself, filed a petition under section 1170.95. Checking boxes on a form petition, Chapman alleged that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he had been convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of legislative changes to sections 188 and 189, effective January 1, 2019. Chapman also alleged that he was convicted of first degree felony murder and that, as a result of changes to section 189, effective January 1, 2019, he could not now be convicted because he was not the actual killer; he did not, with the intent to kill, aid or abet the actual killer in the commission of murder in the first degree; and he was not a major participant in the felony or act with reckless indifference to human life during the course of the crime or felony. The superior court appointed counsel to represent Chapman and ordered briefing.

The People filed an opposition to the petition, arguing that Chapman was ineligible for resentencing under section 1170.95 because he "*could* still be found guilty of murder on several bases including: as a principal, as a direct aider and abettor, felony murder, and finally, implied malice, a second degree murder theory." Chapman filed a reply in support of his petition, arguing that he stated a prima facie case of eligibility for relief because he was not the actual killer, that the court gave jury instructions on felony murder, that the prosecutor argued the theory of felony

5

murder to the jury, and that evidence from the trial showed Chapman tried to stop Whitsey from killing the victim. Chapman asked the superior court to issue an order to show cause because whether he was a major participant and acted with reckless indifference to human life was "an issue of entitlement and not eligibility."[5]

At the hearing Chapman argued that he stated a prima facie case for relief under section 1170.95 and that the superior court should issue an order to show cause to resolve "factual questions," such as whether Chapman was a "major participant." The prosecutor argued Chapman did not establish a prima facie case because he had not shown "he could not now be convicted on [the] facts" of the case. The prosecutor asserted that, not only was Chapman a "major participant" who acted "with reckless indifference," but that he also had the "specific intent for the victim to die, given the circumstances." The prosecutor pointed out that Chapman "made repeated trips from the apartment to the car and back to steal everything" and that, when Chapman saw Whitsey point a gun at Jackson, Chapman hit Jackson in the face. According to the prosecutor, determining whether Chapman was a major participant did not require a "factual analysis," but entailed "simply just looking at the facts as contained in the record and assign[ing] them to the law."

Chapman argued that, deciding whether he was a major participant who acted with reckless indifference to human life under the factors set forth in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 were "issues for an

_____

[5]     Chapman argued he was a "minor player," did not have a weapon, did not supply any weapons, "tried to stop any killing," and was not in the apartment when Whitsey shot Jackson.

6

order to show cause."[6]  The superior court asked whether Chapman's statement that he told Whitsey, "'Man, don't. Whatever you do, don't shoot him,'" was "self-serving."  Counsel for Chapman stated that whether the statement was self-serving or "the truth" was "exactly why we need to set it for an order to show cause."

The superior court acknowledged that Chapman was "not the actual killer" and that "the jury was instructed on felony murder."  But the court ruled that, under *People v. Bascomb* (2020) 55 Cal.App.5th 1077,[7] Chapman was not entitled to relief

---

[6]    In *People v. Banks*, *supra*, 61 Cal.4th 788 the Supreme Court held the special-circumstance allegation of section 190.2, subdivision (d), which prescribes increased punishment for certain aiders and abettors of first degree felony murder, requires that "[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the significant risk of death his or her actions create."  (*Id.* at p. 801.)  The Supreme Court also held the defendant's "personal involvement must be substantial" and listed several factors to help determine whether a defendant is a "major participant" in a crime.  (*Id.* at pp. 802-803.)  In *People v. Clark*, *supra*, 63 Cal.4th 522 the Supreme Court described factors to "aid [the] analysis" of whether the defendant "exhibited ""reckless indifference to human life"" within the meaning of section 190.2, subdivision (d)."  (*Id.* at p. 618; see *In re Scoggins* (2020) 9 Cal.5th 667, 676 ["*Banks* and *Clark* clarified the meaning of the special circumstances statute"].)

[7]    In *People v. Bascomb, supra*, 55 Cal.App.5th 1077 the court held that the defendant, who planned a robbery, used a gun to subdue the occupants of the apartment he entered, and was

under section 1170.95 because he knew what he and Whitsey were going to do and "he knew that they were going to 'jack' the victim, [and] he did punch [him]." The court stated that, even though Chapman explained why he hit Jackson in the face, "he did participate in [the crimes]. He was continuing to take the equipment [on] multiple trips." "Most notably," the superior court concluded, Chapman "could have left," "called 911," or "abandoned the whole operation." The court found that Chapman did not make a prima facie case because "he could still be convicted under current law [for] . . . murder." Chapman timely appealed.

## DISCUSSION

A.   *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); see §§ 188, subd. (a)(3), 189, subd, (e); *People v. Gentile* (2020) 10 Cal.5th 830, 846-847 [Senate Bill 1437 was enacted "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'"].) "Senate Bill 1437 also added section 1170.95 to the Penal Code, which creates a procedure for

---

present when his accomplice shot the victim, acted with reckless indifference to human life. (*Id.* at pp. 1087-1090.)

8

convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957, fn. omitted; see *Gentile*, at p. 853.)

"Section 1170.95 envisions three stages of review of a petition for resentencing." (*People v. Wilson* (2021) 69 Cal.App.5th 665, 675; see *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.) First, the petitioner "must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'" (*Lewis*, at pp. 959-960; see § 1170.95, subd. (a)(1)-(3).)

Second, if a petition under section 1170.95 contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court, after appointing counsel, must "assess whether the petitioner has made a 'prima facie showing' for relief." (*Lewis*, *supra*, 11 Cal.5th at pp. 960, 962; see § 1170.95, subd. (c); *People v. Wilson*, *supra*, 69 Cal.App.5th at p. 675; *People v. Barboza* (2021) 68 Cal.App.5th 955, 962.) "In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction,

9

'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 863.) The prima facie inquiry, however, is limited. The ""court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (*Lewis*, at p. 971; see *Barboza*, at p. 962; *People v. Duchine* (2021) 60 Cal.App.5th 798, 813, 815; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*), disapproved on another ground in *Lewis*, at p. 963.)

The court's authority to resolve the petition at the prima facie stage "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980; see *Lewis*, *supra*, 11 Cal.5th at p. 972 ["at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'"]; *People v. Clayton* (2021) 66 Cal.App.5th 145, 153 [same]; *People v. Harris* (2021) 60 Cal.App.5th 939, 958 [same], review granted Apr. 28, 2021, S267802.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis*, at p. 971; accord, *People v. Jenkins* (2021) 70 Cal.App.5th 924, 932; see *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 815 ["absent a record of conviction that conclusively establishes that the

10

petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question his evidence"].)

Third, if "the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'" (*Lewis*, *supra*, 11 Cal.5th at p. 960; see § 1170.95, subd. (d)(1); *People v. Wilson*, *supra*, 69 Cal.App.5th at p. 675.) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3); see *Lewis*, at p. 960.) The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence. (§ 1170.95, subd. (d)(3); see *Lewis*, at p. 960.)[8]

---

[8] In October 2021 the Legislature amended section 1170.95. Among other changes, the amendments (1) apply section 1170.95 to convictions for voluntary manslaughter and attempted murder; (2) state the requirement to appoint counsel, if requested, in new subdivision (b)(3), rather than in subdivision (c); (3) affirm that the standard of proof at the hearing on the order to show cause is proof beyond a reasonable doubt; and (4) clarify that "a finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (See Stats. 2021, ch. 551, § 2 (Sen. Bill No. 775).) Because the Legislature did not pass these amendments as urgency

B.     *The Trial Court Erred in Denying Chapman's Petition Under Section 1170.95 at the Prima Facie Stage*

Chapman contends that he stated a prima facie case for relief and that the superior court erred in making factual findings at this stage of the proceedings under section 1170.95, subdivision (c).  Both contentions have merit.

Chapman filed a petition alleging all the essential facts required under section 1170.95, subdivision (a)(1)-(3).  He alleged that he was convicted of first degree murder (an undisputed fact) and that the People filed an information against him that allowed the prosecution to proceed under a theory of felony murder (another undisputed fact, which the superior court acknowledged).  (See § 1170.95, subd. (a)(1), (2).)  And, as required by section 1170.95, subdivision (a)(3), Chapman alleged he could not now be convicted of first degree murder under the current definition of felony murder because he was neither a major participant in the felony nor acted with reckless indifference to human life.  Assuming, as we must (*Lewis*, *supra*, 11 Cal.5th at p. 971), these allegations are true, and because, as the People concede, nothing in the record refuted them "*as a matter of law*," Chapman stated a prima facie case for relief.  (See *People v. Jenkins*, *supra*, 70 Cal.App.5th at p. 933 [petitioner stated a prima facie case for relief because the court "had to assume the truth of" the defendant's factual allegation that "he could not now be convicted of murder because of changes to section 188"]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 971 [petitioner made a prima facie showing of eligibility for relief because "[n]othing in [his] record of conviction refutes the

_____

legislation, they will become effective on January 1, 2022.  (See Cal. Const., art. IV, § 8, subd. (c).)

allegation in his section 1170.95 petition that he is eligible for relief"]; *Drayton*, *supra*, 47 Cal.App.5th at pp. 981-982 [petitioner made a prima facie showing of eligibility for relief by alleging the facts specified under section 1170.95, subdivision (a)(1)-(3), "which, if accepted as true, fulfilled the requirements for relief"].)

The superior court should have issued an order to show cause and conducted an evidentiary hearing. (See *People v. Clayton*, *supra*, 66 Cal.App.5th at p. 154 [superior court "should have issued an order to show cause and followed the procedures mandated by section 1170.95, subdivision (d)," because the defendant's petition "satisfied the requirements of section 1170.95, subdivisions (a) and (b)," and the "record does not establish ineligibility as a matter of law."].) Instead, the superior court did precisely what the Supreme Court has stated courts may not do in determining whether a petitioner has established a prima facie case for relief: weigh the evidence and make credibility findings against Chapman. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971-972.) Specifically, the superior court questioned the credibility of Chapman's "self-serving" statement he hit Jackson in the face so that Whitsey would not shoot Jackson; credited a witness's statement that Chapman said he and Whitsey went to Jackson's house to rob him; discounted Chapman's statement that he told Whitsey not to shoot Jackson; and put particular emphasis on Chapman's failure to leave the premises or call 911 after Whitsey shot Jackson.

The superior court also erred in making findings of fact to conclude Chapman could still be convicted of murder under section 189, subdivision (e). (See *People v. Clayton*, *supra*, 66 Cal.App.5th at pp. 150, 154 [superior court erred by engaging "in judicial factfinding based on its analysis of the evidence under

13

*People v. Banks*[, *supra*, 61 Cal.4th 788] and *People v.
Clark*[, *supra*, 63 Cal.4th 522] to conclude that [the defendant]
was a major participant in the robbery who acted with reckless
indifference to human life"]; *Drayton, supra*, 47 Cal.App.5th at
p. 982 [superior court erred in making a factual finding at the
prima facie stage that the defendant's conduct "'blatantly'"
showed he acted with reckless indifference to human life].)  The
court can make such findings of fact only after issuing an order to
show cause and conducting an evidentiary hearing under section
1170.95, subdivision (d).  (See *People v. Harris*, *supra*,
60 Cal.App.5th at p. 960 ["determining whether [the defendant]
could now be found to have been a major participant within the
meaning of section 189, subdivision (e)(3), requires factfinding
following an evidentiary hearing pursuant to section 1170.95,
subdivision (d)"], review granted; *People v. Duchine*, *supra*,
60 Cal.App.5th at p. 816 ["The major participant and reckless
indifference findings the trial court made based solely on the
record evidence entail the weighing of evidence, drawing of
inferences, and assessment of credibility that should be left to the
factfinding hearing process contemplated by section 1170.95,
subdivision (d)."]; see also *In re Parrish* (2020) 58 Cal.App.5th
539, 542 ["Supreme Court decisions prescribe a fact-intensive and
individualized inquiry to determine whether the defendant's
culpability [under section 190.2, subdivision (d)] was major or
minor"].)

## DISPOSITION

The order denying Chapman's section 1170.95 petition is reversed.  The superior court is directed to issue an order to show cause and to conduct an evidentiary hearing in accordance with section 1170.95, subdivision (d).


SEGAL, J.


We concur:



PERLUSS, P. J.



FEUER, J.

15